FILED

**NOT FOR PUBLICATION**

JUL 09 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIUS WILFAN REYNALD, | No. 09-71413 |
| Petitioner, | Agency No. A079-535-780 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Darius Wilfan Reynald, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion, *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Reynald's motion to reopen as untimely where it was filed over three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Reynald failed to establish changed circumstances in Indonesia to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (evidence submitted with motion to reopen must be qualitatively different from the evidence presented at the original hearing); *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (change in personal circumstances does not establish changed circumstances in country of nationality).

We lack jurisdiction to review Reynald's contention that intervening case law established changed circumstances, because he failed to exhaust this claim in his motion to reopen. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**